1
2
3
4
5
6      IN THE UNITED STATES DISTRICT COURT
7     FOR THE NORTHERN DISTRICT OF CALIFORNIA
8       SAN FRANCISCO DIVISION
9
10
11
DONALD RAY HOPKINS,     No. C 13-04447 RS

    Plaintiff,      **ORDER VACATING HEARING AND**
12              **REQUESTING FURTHER BRIEFING**
13  v.

AMERICAN HOME MORTGAGE
14 SERVICING, INC., a Delaware
Corporation registered to do business in the
15 State of California; CITIBANK,
AMERICAN BROKERS CONDUIT, a
16 form of business unknown, and DOES 2 to
1,000
17

18    Defendants.
_____/
19

20   Plaintiff Donald Ray Hopkins filed this action in Alameda County Superior Court in June

21
2011.  Two years later, after Hopkins lodged a fourth amended complaint, defendants removed to
22
federal court.  Defendants Citibank and American Home Mortgage Servicing, Inc. (AHMSI) then
23
24 brought two motions to dismiss and a motion to strike, all of which have gone unopposed.  After the

25 opposition deadlines passed for all three motions, Hopkins gave notice that a bankruptcy stay

26 applies to any actions against nonmoving defendant American Brokers Conduit (ABC).  (Dkt. No.

27 29).  It appears Hopkins, who asserts that ABC is an indispensible party, may believe the filing of

28 that notice suffices to preclude this court from reaching the merits of moving defendants' pending

**United States District Court**
For the Northern District of California

motions to dismiss and strike his fourth amended complaint.  AHMSI objects, arguing that the state court rejected a similar contention by plaintiff prior to removal, and that the court's ruling remains in effect and applicable here.  (Dkt. No. 30).  In July 2013, while the case was still in state court, Hopkins notified the court that he had been served with a notice of automatic stay by ABC, which filed for bankruptcy protection in 2007.  Hopkins filed an ex parte application to continue several pending motions so that he could file a regularly-noticed motion to stay, arguing that AHMSI had refused to stipulate to a stay.  The court denied Hopkins' request.  (Dkt. No. 30, Exh. 2).

It is unclear that the state court's denial of Hopkins' ex parte application to continue a hearing date is dispositive.  Accordingly, within fifteen days of this order, the parties shall submit briefs, not to exceed ten pages each, addressing the effect of the bankruptcy stay on the court's jurisdiction to address dispositive motions brought by other defendants.  The hearing set for November 21, 2013 is vacated pending further order of court.

IT IS SO ORDERED.

Dated:  11/13/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 13-04447 RS

2